# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CHRISTIAN ANDREW KLINE

Case Number: 8:22-cr-244-TPB-SPF

USM Number: 61730-018

Kathleen Sweeney, AFPD

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Information. Defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(2) and (b)(1) | Distribution of Child Pornography | September 18, 2021 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence: January 11, 2023

_____
THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE

Signed: January 12th, 2023

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE HUNDRED and TWENTY-SEVEN (327) MONTHS**. The term of imprisonment imposed in this judgment shall run concurrent to the term of imprisonment imposed pursuant to the judgment in Docket Number 8:14-cr-520-SDM-JSS, Middle District of Florida, Tampa Division.

The Court makes the following recommendations to the Bureau of Prisons:

1. Incarceration at FMC Fort Worth, Texas.
2. Vocational and educational courses available, specifically in the culinary arts.
3. Participate in UNICOR.

Defendant is remanded to the custody of the U.S. Marshals to await designation by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                     UNITED STATES MARSHAL

              By: _____
                     Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a total term of **LIFE**.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances,

      Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.

10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Christian Andrew Kline
8:22-cr-244-TPB-SPF

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

4. The defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. The defendant shall have no direct contact, direct or indirect, with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

6. The defendant is prohibited from possessing, subscribing to, or viewing, any images, videos, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

7. Without prior written approval of the probation officer, the defendant is prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an

internet café, your place of employment, or an educational facility. Also, the defendant is prohibited from possessing an electronic data storage medium (including a flash drive, compact disk, and floppy disk) or using any data encryption technique or program. If approved to possess or use a device, the defendant must permit routine inspection of the device, including hard drives and any other electronic data storage medium, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

8. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

9. The Defendant shall refrain from engaging in any employment involving contact with minors.

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 | $24,000 | Waived | Not Imposed | Not Imposed |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment: Shall be paid in full and is due immediately.

Restitution: Defendant shall pay restitution in the total amount of $24,000 ($3,000 to Sarah, $3,000 to Henley, $3,000 to Maria, $3,000 to April, $3,000 to Tori, $3,000 to Pia, $3,000 to Erika, and $3,000 to Sierra). This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of his monthly earnings if he

has a Unicor job. Upon release from custody, the Court orders the defendant to pay restitution in monthly installments of $100.00. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds the Defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

In addition, if the defendant is in receipt of any stimulus checks of any kind while in federal prison, one hundred percent of that money must be turned over to victims to pay restitution.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture (see attached) issued on November 1, 2022, that are subject to forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-244-TPB-SPF

CHRISTIAN ANDREW KLINE

**FINAL ORDER OF FORFEITURE**

The United States moves under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, for a final order of forfeiture for the following assets seized from the defendant at his residence on or about March 29, 2022, which were subject to an August 29, 2022 preliminary order of forfeiture (Doc. 23):

1. Motorola Smartphone, Moto g stylus (Model XT2115DL, IMEI 356888111013353);

2. Motorola Moto e5 Play Smartphone (Model XT1921-3, IMEI 351841096192887);

3. Motorola Moto e Smartphone (Model XT2052DL, IMEI 351638114635792); and

4. Motorola Moto g play smartphone (Model XT2093DL, IMEI 355568110567275).

In accord with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), Federal Rules of Criminal Procedure, from August 31, 2022, and ending on September 29, 2022, the United States published notice of the forfeiture and of its intent to dispose of the assets on the official government website, www.forfeiture.gov. Doc. 28. The publication gave notice to all third parties with a legal interest in the assets to file

with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication. No persons or entities filed a petition or claimed an interest in the assets, and the time for filing such petition has expired.

The United States' motion is **GRANTED**. Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the assets is **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the assets is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 1st day of November, 2022.

*/s/ Tom Barber*

TOM BARBER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Suzanne C. Nebesky, AUSA
Counsel of Record