**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:22-cr-244-TPB-SPF

CHRISTIAN ANDREW KLINE,

Defendant.
_________________________________/

**ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR REDUCTION UNDER AMENDMENT 821**

This matter is before the Court on Defendant Christian Andrew Kline's "Opposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on September 10, 2026. (Doc. 54). The Government filed a response in opposition. (Doc. 55). After reviewing the motion, response, case file, and the record, the Court finds as follows:

This is Defendant's *second* federal conviction involving child sexual abuse material. In 2014, in a different case, Defendant pleaded guilty to transporting child sexual abuse material in violation of 18 U.S.C. § 2252(a)(1). At his sentencing in February 2016, the district court granted a significant downward variance and imposed a sentence of 70 months imprisonment. Defendant was released from custody in May 2021 and placed on supervised release.

But just three months after his release, Defendant resumed distributing child sexual abuse material. He later pleaded guilty in the instant case to distributing child sexual abuse material, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The instant

offense involved *over 1,000 images* of child sexual abuse material depicting prepubescent children and sadistic or masochistic conduct. Some depicted abuse so severe that penetration caused bleeding, while at least one depicted the sexual abuse of an infant. Defendant's total offense level was 37, and his criminal history category was III (including two status points). This resulted in an advisory guidelines range of 262 to 327 months. The Court appropriately sentenced Defendant at the high end of the guidelines range: 327 months imprisonment. The Court also ordered $24,000 in restitution, along with a $100 special assessment.

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines for offenders who meet certain criteria, including the absence of a criminal history point. In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction. (Doc. 49). The Office of the Federal Defender confirmed Defendant's eligibility for a reduction and moved to reduce his sentence proportionately to the low end of the revised advisory guidelines. (Doc. 54). The Government opposes. (Doc. 55).

The Court exercises its discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory,

not mandatory. *Id.*; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a). Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines. The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is *automatically entitled* to have his sentence reduced.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same sentence today that it originally imposed. Among the Court's considerations, the Court notes that Defendant *had been convicted of a prior similar criminal offense, and he committed the instant offense around three months after his release while under supervision and participating in weekly sex-offender treatment.* The Court also notes that despite earning wages through his UNICOR employment, Defendant has not paid a single cent toward his $24,000 restitution obligation.

The Court's sentencing decision reflected Defendant's history and characteristics, the seriousness of the conduct, and the Court's responsibility to adequately deter criminal conduct with a sentence that is sufficient but not greater than necessary. Defendant got the punishment that he deserved. To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and

circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence. Consequently, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 29th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE